*910 OPINION OF THE COURT
William J. Giacomo, J.
Factual and Procedural Background
Plaintiff commenced this breach of contract action on November 6, 2012. A copy of the summons with notice was served on defendant on November 27, 2012. On November 29, 2012, defendant’s attorney filed a notice of appearance and a demand for the complaint.
On December 18, 2012, plaintiff electronically filed the verified complaint and also served a “courtesy” copy of the complaint upon defendant via first-class mail.
Defendant electronically filed its answer on January 11, 2013.
Plaintiff now moves for a default judgment on the ground that it electronically served defendant with the complaint on December 18, 2012. Therefore, the time to serve an answer expired 20 days later on January 7, 2013.
Defendant cross-moves for an order declaring its answer to be timely or, in the alternative, to vacate its default should the court find it in default. In support of its motion, defendant notes that 22 NYCRR 202.5-b (f) (2) (ii) provides:
“(ii) How service is made. Where parties to an action have consented to e-filing, a party causes service of an interlocutory document to be made upon another party participating in e-filing by filing the document electronically. Upon receipt of an interlocutory document, the NYSCEF site shall automatically transmit electronic notification to all e-mail service addresses in such action. Such notification shall provide the title of the document received, the date received, and the names of those appearing on the list of e-mail service addresses to whom that notification is being sent. Each party receiving the notification shall be responsible for accessing the NYSCEF site to obtain a copy of the document received. Except as provided otherwise in subdivision (h) (3) of this section, the electronic transmission of the notification shall constitute service of the document on the e-mail service addresses identified therein; however, such service will not be effective if the filing party learns that the notification did not reach the address of the person to be served. Proof of such service will be recorded on the NYSCEF site. A party may, however, utilize other *911 service methods permitted by the CPLR provided that, if one of such other methods is used, proof of that service shall be filed electronically.” (Emphasis supplied.)
According to defendant, if a litigant elects to electronically file papers and then also serves them pursuant to the CPLR the respondent has the benefit of the CPLR time frames. Therefore, pursuant to CPLR 2103 (b) (2), since plaintiff served its complaint by first-class mail five days were added to defendant’s time to answer. Defendant argues that since it was served via first-class mail on December 18, 2012 it had until January 14, 2013 (since Jan. 12, 2013 was a Saturday) to serve its answer. Since defendant served its answer on January 11, 2013 it was timely.
Defendant also argues that if this court finds its answer not timely served, the four-day delay in answering is de minimis, it has a meritorious defense to this action and plaintiff was not prejudiced by the delay; therefore, plaintiff should be compelled to accept its answer.
Discussion
Although there is no case on point, it is clear to this court in reading 22 NYCRR 202.5-b (f) (2) (ii) that the intent of the phrase “A party may, however, utilize other service methods permitted by the CPLR provided that, if one of such other methods is used, proof of that service shall be filed electronically” (emphasis supplied) is to not have the New York State Courts Electronic Filing System (NYSCEF) usurp the provisions of the CPLR should a litigant elect to use that method of service.
Therefore, this court finds that once a litigant serves papers upon an adversary pursuant to the CPLR, all the parties’ actions are governed by the CPLR. Hence, in this case, once plaintiff served defendant by first-class mail the provisions of CPLR 2103 applied.
Support for this interpretation of 22 NYCRR 202.5-b (f) (2) (ii) is found in the rule itself, since if service is made pursuant to the provisions of the CPLR an affidavit of service must be filed with NYSCEF. The requirement that an affidavit be filed with NYSCEF indicates the intent that service by any other method authorized by the CPLR must be “completed service” which mandates the filing of an affidavit of service. Plaintiff cannot mail a copy of the complaint to defendant by first-class mail, file an affidavit of service and then claim the mailing was *912 not service but rather a “courtesy” mailing and thus the service provisions of the CPLR do not apply.
Moreover, section 202.5-b (b) (2) (iii) of title 22 of the Official Compilation of Codes, Rules, and Regulations of the State of New York provides “The court may at any time order discontinuation of e-filing in such action or modification of e-filing procedures therein in order to prevent prejudice and promote substantial justice.”
Moreover, in Biscone v JetBlue Airways Corp. (103 AD3d 158 [2d Dept 2012], appeal dismissed 20 NY3d 1084 [2013]), the Appellate Division, Second Department held that, inter alia, although a case may be electronically filed, the provisions of the CPLR apply. In Biscone, the plaintiff, in making a motion to reargue, did not refile all the motion papers and exhibits from which the order being reargued was issued. Rather, plaintiff simply referred to previously e-filed documents in her reargument motion papers. The Court affirmed the denial of plaintiffs motion to reargue noting that “both CPLR 2214 and the court rules governing e-filing required her to submit electronically the papers originally submitted with her motion . . . .” (Id. at 179.) The fact that a case is electronically filed does not alter or usurp the provisions of the CPLR.
Here, plaintiff e-filed the complaint and then mailed it via first-class mail. Accordingly, defendant is entitled to the benefit of the provisions of the CPLR, which allow for the addition of five days to the deadline for the service of its answer.
Moreover, even if this court were to find that defendant’s answer was untimely, defendant has set forth sufficient reasons for its delay, to wit, its interpretation of 22 NYCRR 202.5-b (f) (2) (ii), a meritorious defense together with the fact that plaintiff suffered no prejudice by the four-day delay in answering. (See CPLR 5015.)
Based on the foregoing, plaintiffs motion for a default judgment is denied and defendant’s cross motion is granted solely to the extent of finding that its answer was timely served.